**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:   PHILIP NIMOITYN** | : | **CHAPTER 7** |
| | : | |
| | : | |
| | : | **CASE NO.    20-14467-mdc** |
| **PHILIP NIMOITYN** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **ADVERSARY PROCEEDING** |
| **v.** | : | **No.:** _____ |
| | : | |
| **INTERNAL REVENUE SERVICE** | : | |
| | : | |
| **Defendant** | : | |

**ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBTS**

Plaintiff, Philip Nimoityn, MD (the "Plaintiff" and/or "Debtor"), brings this action

seeking a determination that certain income tax debts owed to the Internal Revenue Service are

not excepted from his discharge pursuant to Rule 7001 of the Federal Rules of Bankruptcy

Procedure and 11 U.S.C. § 523(a)(1)(A).

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

2.      Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania

pursuant to 28 U.S.C. § 1409(a).

3.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (I) and (O).

**PARTIES**

4.      Philip Nimoityn, MD, is an adult individual residing in Bryn Mawr, Pennsylvania.

5.      The Internal Revenue Service ("IRS"), is an agency of the Department of the Treasury of

the United States of America.

## STATEMENT OF FACTS

6.      On November 17, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania thereby commencing bankruptcy case #20-14467-mdc.

7.      On December 16, 2020, the Debtor identified the IRS as holding an unsecured claim in the amount of $591,979.26, on schedule E/F, at 4.4.

8.      On February 5, 2021, the IRS filed proof of claim #4-1, in the amount of $805,724.56 (the "POC"), $769,887.80, was claimed as secured, $35,836.76, was claimed as unsecured, of which $34,884.66 was claimed as priority unsecured.   A true and correct copy of the IRS's proof of claim #4-1 is attached hereto as Exhibit 1.

9.      The POC provided the following itemization of the secured portion:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date |
|---|---|---|---|---|---|
| Income | 12/31/2015 | 11/21/2016 | $347,338.00 | $105,746.80 | $83,307.19 |
| Income | 12/31/2016 | 6/5/2017 | $139,228.00 | $38,745.54 | $25,356.98 |
| Income | 12/31/2017 | 11/19/2018 | $21,432.00 | $5,833.34 | $2,899.95 |
| | | Totals: | $507,998.00 | $150,325.68 | $111,564.95 |

See Page 4 of 7 of Exhibit 1.

10.      The Debtor filed his federal income tax return for tax year 2015 on October 17, 2016.

11.      The Debtor filed his federal income tax return for tax year 2016 on March 8, 2017.

## COUNT I
### (11 U.S.C. § 523(a)(1)(A))

12.      Section 523(a)(1)(A) excepts from discharge "any debt for a tax . . . of the kind and for the periods specified in section . . . 507(a)(3) or 507(a)(8)" of the Bankruptcy Code.

13.     Section 507(a)(3) refers to "unsecured claims allowed under section 502(f)" of the

Bankruptcy Code.

14.     Section 502(f) refers to claims filed in an involuntary case and therefore is not applicable

to this matter.

15.     Section 507(a)(8) applies to claims of governmental units to the extent that such claims

are for a "tax on or measured by income or gross receipts for a taxable year ending on or before

the date of the filing of the petition - (a) for which a return, if required , is last due, including

extensions, after three years before the date of the filing of the petition . . ."

16.     In this case, the relevant returns for tax years 2015 and 2016 were due on April 15 of

each following year.

17.     The returns for the tax years 2015 and 2016 were all last due more than three years before

the Petition Date.

18.     The debts to the IRS for tax years 2015 and 2016 are not of the kind or the periods

specified in 11 U.S.C. §§ 507(a)(3) or (a)(8), and are therefore not excepted from discharge

under 11 U.S.C. § 523(a)(1)(A).

19.     The total amount due for tax year 2015 is $536,391.99.   See Exhibit 1.

20.     The total amount due for tax year 2016 is $203,330.52.   See Exhibit 1.

21.     The Debtor is eligible to discharge his income tax obligations for tax years 2015 and

2016, in the total amount of $739,722.51.

        WHEREFORE, the Plaintiff requests that this Honorable Court declare:

        1)      that the Debtor's income tax obligations to the IRS for tax year 2015 in the

                amount of $536,391.99 is dischargeable at the time of the Debtor's discharge;

        2)      that the Debtor's income tax obligations to the IRS for tax year 2016 in the

amount of $203,330.52 is dischargeable at the time of the Debtor's discharge; and

3)      such other relief as deemed just and appropriate.

Respectfully submitted,

Bielli & Klauder, LLC

Date:   September 10, 2021                      By:   /s/ Thomas D. Bielli
                                                      1905 Spruce Street
                                                      Philadelphia, PA 19103
                                                      Telephone: (215) 642-8271
                                                      Email: tbielli@bk-legal.com

                                                      *Counsel to the Plaintiff/Debtor*